HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHERYL FIFE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SCIENTIFIC GAMES CORP., a Nevada corporation,

Defendant.

CASE NO. 2:18-cv-00565-RBL

ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND

## INTRODUCTION

THIS MATTER is before the Court on Defendant Scientific Games Corp.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction, Dkt. # 59, and Plaintiff Sheryl Fife's Renewed Motion for Leave to Amend and Substitute Donna Reed as Class Representative, Dkt. # 61. This putative class action is one of many seeking to recover money spent playing app-based casino games. Fife lost $4.99 playing Defendant's Jackpot Party Casino app on her iPhone in March 2018. Complaint, Dkt. # 1, at 9. She sued Defendant on April 17, 2018, on behalf of "[a]ll persons in the State of Washington who purchased and lost chips at Defendant's online casino games." *Id.*

ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND - 1

On May 5 and again on May 10, 2020, Plaintiff Sheryl Fife informed her counsel that she had "grown tired of and no longer wished to participate in this case" and fell out of contact. Silver-Korn Dec., Dkt. # 54, at 2. On May 12, Plaintiff filed a motion to amend the complaint to substitute a new class representative: Donna Reed. Dkt. # 52. That motion was later withdrawn and the case stayed so that the parties could work out a stipulation regarding substitution. Dkt. # 58. However, the parties failed to reach an agreement, and Defendant now seeks to dismiss this case as moot. Plaintiff, meanwhile, has renewed her motion to amend, Dkt. # 61, and Reed has moved to intervene, Dkt. # 65.

To resolve these dueling motions, the Court must determine whether Fife's abandonment of her role in this lawsuit creates a fatal jurisdictional gap in the case. If so, the Federal Rules of Civil Procedure mandate that the case be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). If not, the Court can evaluate whether amendment and substitution is otherwise proper.

## DISCUSSION

**1.     Mootness**

"The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Carey v. Inslee*, 364 F. Supp. 3d 1220, 1225 (W.D. Wash. 2019) (quoting *Rosebrock v. Mathis*, 745 F.3d 963, 971-72 (9th Cir. 2014)). "[A] litigant may abandon a claim

ORDER ON DEFENDANT'S MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION AND PLAINTIFF'S MOTION
FOR LEAVE TO AMEND - 2

by communicating his desire to do so to the district court . . . even though his decision may affect the jurisdiction of a federal court." *Pitts*, 653 F.3d at 1094.

"[A] suit brought as a class action must as a general rule be dismissed for mootness when the personal claims of all named plaintiffs are satisfied and no class has been properly certified." *Employers-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007) (quoting *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1045 (5th Cir.1981)). In *Hitt v. Arizona Beverage Co., LLC*, the court denied a motion to amend and dismissed the case as moot after the named plaintiff stated that she "no longer desire[d] to serve as the class representative in [the] putative class action." No. 08CV809WQH-POR, 2009 WL 4261192, at *2, 5 (S.D. Cal. Nov. 24, 2009).

Some courts, however, have rejected this type of rigid formalism and applied the mootness doctrine more "flexibly" in the class action context. *See Pitts*, 653 F.3d at 1087. In *Aguilar v. Boulder Brands, Inc.*, for example, the court allowed substitution where the class representative wished to withdraw but had not settled or dismissed their claims, intended to become part of the class, and could be replaced immediately. No. 3:12-cv-01862-BTM-BGS, 2014 WL 4352169, at *8 (S.D. Cal. Sept. 2, 2104). The court explicitly rejected the stricter approach of *Hitt* because it was "clear that the issues in [the] case remain[ed] alive" during the named plaintiff's brief absence. *Id*. at 8-9. At least one court in this district has followed *Aguilar*'s reasoning where the class representative sought to withdraw for "personal reasons" but intended to become part of the class and could be substituted immediately. *Castillo v. United Rentals (N. Am.), Inc.*, No. C17-1573JLR, 2018 WL 3429936, at *3 (W.D. Wash. July 16, 2018) (Robart, J.).

ORDER ON DEFENDANT'S MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION AND PLAINTIFF'S MOTION
FOR LEAVE TO AMEND - 3

Defendant urges the Court to follow the approach in *Hitt* and dismiss this case because, technically, it became moot once Fife made it clear she did not intend to continue participating. Even if the Court does follow *Aguilar* and *Castillo*, Defendant argues that those cases do not apply because Fife expressed no desire to even be a member of the class.

Plaintiff stresses that this case is no different from *Aguilar* and *Castillo* because no claims were ever relinquished through settlement or dismissal. Instead, Fife merely wanted to retire as class representative. Further, Plaintiff points out that a mere two days separated the confirmation of Fife's disinterest and the initial Motion to Amend, which was only withdrawn after Defendant agreed to work collaboratively to substitute a new named plaintiff.

The Court concludes that dismissal is not required under these circumstances. First, although Plaintiff's Renewed Motion to Amend was filed on June 22, it relates back to the original May 12 Motion that was filed a mere two days after Fife confirmed her loss of interest in the case. That prior Motion was only withdrawn at Defendant's urging after the parties agreed to negotiate a stipulation. Dkt. # 69-6 at 2. The parties argue over why negotiations fell apart. Regardless of the reason, equity demands that mootness should be assessed as of May 12, not June 22.

The question then becomes whether Fife's May 10 communication that she had "grown tired of and no longer wished to participate in this case" immediately ended the controversy and severed Fife's representation. It did not. Fife's statement was precipitated by counsel's request that she access an Apple website that allows users to request a copy of their app purchase and download history. Rubinstein Dec., Dkt. # 55, at 2. In other words, Fife did not want to be saddled with the duties that come with being a named plaintiff and class representative. She did not express anything about relinquishing or settling her claims. Even if she had, Reed's

willingness to step in as named plaintiff was basically simultaneous with Fife's loss of interest. When Fife dropped the torch, Reed was there to pick it up.

Defendant contends that Fife's counsel no longer has a right to represent her and has been withholding formal dismissal under Fed. R. Civ. P. 41. But even if Fife's representation ended at some point after she went dark, it did not end at that exact second. If it had, Fife's counsel would not have even retained the right to have the action dismissed on her behalf, as Defendant contends would be proper. There was no representational void prior to the May 12 Motion.

It is also inconsequential that Fife never explicitly stated her desire to join the class if it is certified. Inclusion in a Rule 23(b)(3) class is the default; opting *out* requires affirmative action. Fed. R. Civ. P. 23(c)(2)(B). Fife's silence on the issue thus weighs toward her inclusion in the potential class. Besides this small distinction, the facts here are nearly identical to *Aguilar* and *Castillo*. Indeed, the time between Fife's last communication and the initial Motion to substitute Reed is even shorter than in those cases. In summary, the Court agrees with the reasoning in *Aguilar* and *Castillo* and concludes that no jurisdictional gap mandates dismissal.

**2.     Amendment**

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian*

*Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052.

Plaintiff argues that amendment is acceptable here because the only change to the Complaint is Reed's substitution as named plaintiff. Defendant emphasizes that it would be prejudiced if the Court granted leave to amend because the case is over two years old, deadlines for discovery and class certification are expired or past, and Reed lost significantly more money than Fife on Defendant's games. Defendants cite *Wilson v. PTT, LLC*, No. 18-CV-05275-RBL, 2020 WL 1675909, at *1 (W.D. Wash. Apr. 6, 2020), another case seeking to recover app-based gambling losses, in which the Court denied a motion to amend to substitute a new named plaintiff who merely lost more money than the original plaintiff.

This situation is distinct from *PTT*, where the main reason for denying amendment was that the size of a plaintiff's gambling losses is inconsequential to the legal issues at stake. While Defendant points to *PTT*, it simultaneously argues that Reed's alleged loss of thousands of dollars (rather than Fife's $4.99) totally changes the litigation strategy. But the whole point of *PTT* was that the amount of gambling losses is largely unimportant when it comes to the underlying claims. Defendant does not explain why Reed's greater losses impact the legal issues, and, as in *PTT*, the Court does not see why they really would.

Defendant makes a more compelling argument that allowing amendment would push back deadlines and require additional discovery. But this prejudice is fairly limited (Defendant never even deposed Fife) and is not enough to justify denying Plaintiff's Motion, especially since the alternative is starting from scratch with a whole new lawsuit. This would inevitably involve even greater duplication of efforts and would severely prejudice Reed and potential class members, who would forfeit claims that fell outside the statutory period. Plaintiff's counsel also

proposed several conditions during the failed negotiations —such as deeming discovery requests served upon Fife as having been served upon Reed and accelerating the response timeline—that the parties should revisit. *See* 5/13/20 Logan Email, Dkt. # 62-1.

Finally, the parties argue over whether the Court should apply Fed. R. Civ. P. 16(b)(4), which states that "[a] schedule may be modified only for good cause and with the judge's consent." Defendant is correct that the "good cause" standard applies because, as Plaintiff admits, allowing amendment would require altering the parties' stipulated scheduling order regarding discovery and certification. Dkt. # 47. However, Plaintiff meets this standard. By all accounts, Fife's decision to stop participating in the case was sudden and unexpected. Substituting Reed is vital for this case to continue. This constitutes "good cause."

## CONCLUSION

For the above reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Dkt. # 59, is DENIED and Plaintiff's Renewed Motion for Leave to Amend and Substitute Donna Reed as Class Representative, Dkt. # 61, is GRANTED. Reed's unopposed Motion for Leave to File, Instanter, Opposition to Defendant's Motion to Dismiss, Dkt. # 72, is GRANTED. Reed's Motion to Intervene, Dkt. # 65, is DENIED AS MOOT.

//
//
//
//
//
//

The parties are strongly urged to negotiate a new stipulation setting a revised scheduling order and implementing measures to streamline discovery and eliminate any duplicative discovery burden on Defendant.

IT IS SO ORDERD.

Dated this 24th day of August, 2020.

*Ronald B. Leighton* (signature)

Ronald B. Leighton
United States District Judge

ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND - 8