The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DONNA REED, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SCIENTIFIC GAMES CORP., a Nevada corporation,<br><br>*Defendant.* | Case No. 2:18-cv-00565-RSL<br><br>**OPPOSITION TO MOTION TO STAY DISCOVERY AND CLASS CERTIFICATION BRIEFING**<br><br>NOTE ON MOTION CALENDAR:<br>February 19, 2021 |

## INTRODUCTION

Four days after the Court granted class certification in *Wilson v. PTT*, Plaintiff's counsel told Defendant's new counsel that Plaintiff intended to move for class certification and a preliminary injunction in three weeks. *See* Declaration of Todd Logan ("Logan Decl.") ¶ 3, Ex. 1 (January 25, 2021 email from Todd Logan to Adam Hoeflich). Plaintiff's counsel offered to promptly sit Ms. Reed for her deposition, offered Defendant extra time to oppose the certification and inunction motion, and indicated that Plaintiff would not be pursuing "any further discovery" from Defendant prior to filing the anticipated motion. *Id*.

After first suggesting it needed more time for pre-certification discovery (including threatened depositions of absent class members), *see id.*, Scientific Games changed its tune. Declining Plaintiff's offer of a pre-certification deposition, Scientific Games rushed to the Court to file a motion to stay discovery and class certification briefing. *See* Dkt. 100 (the "Motion").

The Motion should be denied. Its legal basis—that the Court might grant a five-month-old motion to compel arbitration premised on conduct the Court has already held to be "coercive and misleading"[1]—borders on frivolous. Moreover, aside from allowing Scientific Games to continue to rake in millions of dollars of illegal gambling revenues with impunity, there's no practical benefit to granting Scientific Games the stay it seeks. Plaintiff has already disclaimed taking any additional pre-certification discovery from Scientific Games. *See* Ex. 1. And while opposing Plaintiff's forthcoming certification and injunction motion might cost Defendant forty or fifty thousand dollars in legal fees, Defendant is bringing in more than a million dollars in revenue *per day* from the at-issue games.[2]

Defendant claims justice would be furthered by a stay, but all it really wants is to further delay justice in this case. The Motion is just step one; step two—assuming the arbitration motion is denied—will be a baseless appeal and a motion for a stay pending that appeal. Enough is

---

[1] *See Kater v. Churchill Downs Inc.*, 423 F. Supp. 3d 1055, 1062 (W.D. Wash. 2019).
[2] *See* SciPlay Corporation, Form 10-Q at 5 (Nov. 4, 2020), *available at* https://sec.report/Document/0001760717-20-000066/.

enough. The Court should deny Defendant's arbitration and stay motions, and this case should proceed.

## ARGUMENT

The Federal Rules "do not provide for an automatic stay simply because a [potentially dispositive motion] has been filed." *Allison v. Amazon.com, Inc.*, No. C13-1612, 2014 WL 12530954, at *1 n.2 (W.D. Wash. Jan. 3, 2014) (Lasnik, J.). To the contrary, a party seeking such a stay "bears a heavy burden to make a strong showing of why" a stay is necessary. *Wilmington Tr. Co. v. Boeing Co.*, No. C20-0402, 2020 WL 6060434, at *1 (W.D. Wash. Oct. 14, 2020) (internal quotations omitted). "Neither the mere existence of a potentially dispositive motion, nor mere inconvenience and expense suffice to establish good cause for a stay." *Id.* Rather, a party "must show a particular and specific need for the [stay], and broad or conclusory statements concerning the need for protection are insufficient." *Id.* (internal quotations omitted).

Scientific Games has failed to meet its burden. Here's the gist of the Motion: "[w]ithout a stay, Scientific Games will be compelled to engage in costly class certification briefing, which will require discovery from Ms. Reed . . . as well as expert preparation and discovery—all of which will be unnecessary if Scientific Games' motion to compel is granted . . . ." Dkt. 100 at 5. None of that comes close to establishing a particular and specific need for a stay.

To begin, there is no reason to believe that Defendant's arbitration motion will be granted. The Court has rejected each of the several other arbitration motions in the related cases; the Ninth Circuit has twice affirmed the Court's denials of arbitration motions in both *Double Down* and *Huuuge*; and the Court has already rejected as "coercive and misleading" the same language that Scientific Games purports to bind Ms. Reed to individual arbitration here. *Kater*, 423 F. Supp. 3d at 1062 (finding Big Fish's pop-up was coercive and misleading); *cf.* Pl.'s Opp. to Mot. to Compel Arbitration, Dkt. 88 at 16 (arguing post litigation pop-up coercive and misleading; if directed by Defendant's counsel may also constitute violation of ethics rules).

In terms of fact discovery, discovery has been open in this case for years, Plaintiff has already disclaimed taking any further pre-certification discovery, and Defendant has already

rejected Plaintiff's offer to promptly sit for her deposition. Defendant cannot legitimately claim any discovery-related prejudice from now needing to respond to a certification motion.

In terms of expert discovery, Plaintiff will not be offering any expert testimony in support of her class certification motion, and the record in *Wilson v. PTT* establishes that expert testimony is not relevant to the key class certification questions in these cases. To the extent Defendant nevertheless intends to offer affirmative expert testimony in support of its opposition to certification, it has had nearly three years to gather that testimony, and its eleventh-hour interest in gathering such testimony should not now delay certification proceedings.

## CONCLUSION

The Court should deny Defendant's Motion to Stay, Dkt. 100. The Court should likewise deny Defendant's Motion to Compel Arbitration, Dkt. 82, as well as any motion by Defendant seeking a stay pending appeal of the Court's arbitration decision.

Dated: February 16, 2021                Respectfully submitted,

**DONNA REED,** individually and on behalf of all others similarly situated,

By: /s/ Todd Logan

Rafey S. Balabanian*
rbalabanian@edelson.com
Todd Logan*
tlogan@edelson.com
Brandt Silver-Korn*
bsilverkorn@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300 / Fax: 415.373.9435

By:  /s/ Alexander G. Tievsky

Jay Edelson*

| | |
|---|---|
| 1 | jedelson@edelson.com |
| | Alexander G. Tievsky, WSBA #57125 |
| 2 | atievsky@edelson.com |
| | EDELSON PC |
| 3 | 350 N LaSalle Street, 14th Floor |
| | Chicago, IL 60654 |
| 4 | Tel: 312.589.6370 / Fax: 312.589.6378 |

By: /s/ Cecily C. Shiel

Cecily C. Shiel, WSBA #50061
cshiel@tousley.com
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Tel: 206.682.5600

*Admitted *pro hac vice*

*Attorneys for Plaintiff*

---

OPP. TO MOTION TO STAY - 4
CASE NO. 18-CV-565-RSL