THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNA REED, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SCIENTIFIC GAMES CORP.,<br><br>　　　　　　Defendant. | No. 2:18-cv-00565-RSL<br><br>**DEFENDANT SCIENTIFIC GAMES' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM DEADLINE**<br><br>NOTED ON MOTION CALENDAR: APRIL 23, 2021<br><br>**ORAL ARGUMENT REQUESTED** |

SCIENTIFIC GAMES' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM DEADLINE (No. 2:18-cv-00565-RSL)

**Bartlit Beck LLP**
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
Phone: 312.494.4400
Fax: 312.494.4440

1  Plaintiff's opposition is notable for what it does not do. It fails to justify Plaintiff's
2  decision to file a motion for class certification, even though Scientific Games' motion to compel
3  arbitration must be decided first, as explained in Scientific Games' Motion for Relief From
4  Deadline (Dkt. 121). Instead, Plaintiff first complains that Scientific Games' Motion repeats a
5  prior motion, and then conflates Scientific Games' motion to compel arbitration with other
6  defendants' motions to compel arbitration in other cases. At the same time, weeks into the period
7  for class certification and preliminary injunction briefing, Plaintiff acknowledges for the first
8  time Scientific Games' risk of litigation waiver by participating before the Court rules on the
9  motion to compel arbitration. Yet Plaintiff ignores that the parties would be briefing, and the
10 Court would be deciding, a motion to certify a class whose representative is still subject to a
11 motion to compel arbitration.

12 The Court should reject Plaintiff's efforts to short-circuit the proceedings in this case,
13 postpone class certification briefing until the Court rules on Scientific Games' noted motions to
14 compel arbitration (Dkt. 82) and for a stay of discovery and class certification briefing until
15 arbitrability is decided (Dkt. 100), and schedule a status conference to determine the just and
16 orderly disposition of the pending motions.

### I.   ARGUMENT

18 Plaintiff's opposition attempts to distract the Court from the disruption Plaintiff has
19 caused to this litigation by filing a premature motion for class certification, but Plaintiff's
20 arguments do not withstand scrutiny.

21 <u>First</u>, Plaintiff suggests that the current motion is "duplicative" because it asks the Court
22 to stay class certification briefing until the motion to compel arbitration is resolved, which was
23 also requested in an earlier motion to stay. Dkt. 124 at 2. Plaintiff ignores that this case is in a
24 significantly different posture because Plaintiff has now filed a class certification motion.
25 Plaintiff's motion for class certification has been pending for weeks, and under normal

SCIENTIFIC GAMES' REPLY IN
SUPPORT OF MOTION FOR RELIEF
FROM DEADLINE (No. 2:18-cv-00565-
RSL) - 1

**Bartlit Beck LLP**
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
Phone: 312.494.4400
Fax: 312.494.4440

circumstances Scientific Games already would have engaged in discovery, including depositions of the named plaintiff and new declarants who were never previously deposed (or until recently, disclosed). This situation is hardly normal: Ms. Reed agreed to individual arbitration of her claims, meaning that not only is Scientific Games entitled to avoid spending that time and effort for no ultimate purpose, it <u>must</u> not, without risking a waiver of its right to arbitration. This concern was new, and it was created by Plaintiff's premature filing.

<u>Second</u>, Plaintiff acknowledges that Scientific Games has been unable to participate in litigation because of the risk of waiver. Though presumably aware of this risk, Plaintiff now states for the first time that "Plaintiff hereby waives any argument that Scientific Games' opposition to Plaintiff's certification and injunction motion supports a finding of waiver by litigation conduct." Dkt. 124 at 3. In doing so, Plaintiff tacitly concedes that Scientific Games has been precluded from doing what a defendant would normally have been doing for weeks. More importantly, Plaintiff's counsel suggests they will waive the litigation waiver argument, presumably for Ms. Reed alone since a class has not been certified. But this half-hearted and belated proposal is both insufficient and inefficient. Plaintiff's counsel ignores that the parties will be litigating class certification—including whether Ms. Reed is typical and adequate—while a motion to compel her to arbitrate remains pending. What happens if Scientific Games wins? Will plaintiff agree not to seek to substitute in yet another class representative? In effect, Plaintiff's counsel seek to brief class certification with an option to ask the Court to start from scratch if they lose the motion to compel arbitration of Ms. Reed's claims. This is both counterintuitive and improper.

<u>Third</u>, Plaintiff suggests that Scientific Games' motion to compel arbitration lacks merit simply because other defendants in related cases lost motions to compel arbitration. But Plaintiff does not explain why the case should simply move forward to class certification rather than allowing the Court to determine Scientific Games' motion on its own merits. And as Scientific

SCIENTIFIC GAMES' REPLY IN
SUPPORT OF MOTION FOR RELIEF
FROM DEADLINE (No. 2:18-cv-00565-
RSL) - 2

**Bartlit Beck LLP**
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
Phone: 312.494.4400
Fax: 312.494.4440

Games' motion to compel arbitration explains, before becoming the named plaintiff in this case, Ms. Reed indisputably clicked a pop-up button to "Accept!" Jackpot Party Casino's revised terms and conditions (which included a clear arbitration provision), and she manifested her continuing agreement to those terms by continuing to play the game for months afterward. *See generally* Dkts. 82, 91.

<u>Finally</u>, Plaintiff's counsel have yet to explain why they allowed the case to lie dormant for months and then filed a certification motion many weeks after they declared they would do so, when no class discovery schedule had even been set and Scientific Games' motion to compel arbitration remained pending. Nor do they explain why the Court should refuse to stay this case pending its decision, when stays were granted in the related cases until pending motions to compel arbitration were decided and appealed, and a motion for class certification was denied without prejudice until arbitrability was decided. Dkt. 100 at 5-6 (citing cases). Finally, Plaintiff does not identify any harm she will suffer from a stay of class certification briefing until after the Court decides the pending motion to compel arbitration.

In these circumstances, Plaintiff should not be allowed to force Scientific Games to risk its arbitration rights, or engage in costly discovery that would prove pointless if the Court grants Scientific Games' motion to compel arbitration.

## II.    CONCLUSION

Scientific Games respectfully requests that the Court: (1) impose a stay until it decides Scientific Games' motion to compel Ms. Reed to arbitrate her claims (Dkt. 82) as well as Scientific Games' motion for a stay of discovery and class certification until arbitrability is decided (Dkt. 100); and (2) set a status conference to determine the just and orderly disposition of the pending motions.

SCIENTIFIC GAMES' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM DEADLINE (No. 2:18-cv-00565-RSL) - 3

**Bartlit Beck LLP**
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
Phone: 312.494.4400
Fax: 312.494.4440

| | |
|---|---|
| DATED: April 22, 2021 | By: s/ *Adam L. Hoeflich*<br>Adam L. Hoeflich (*pro hac vice*)<br>**Bartlit Beck LLP**<br>Courthouse Place<br>54 West Hubbard Street<br>Chicago, IL 60654<br>Telephone: 312.494.4400<br>Facsimile: 312.494.4440<br>Email: adam.hoeflich@bartlitbeck.com<br><br>Sean C. Grimsley (*pro hac vice*)<br>Daniel C. Taylor (*pro hac vice*)<br>Alison G. Wheeler (*pro hac vice*)<br>**Bartlit Beck LLP**<br>1801 Wewatta Street, 12th Floor<br>Denver, CO 80202<br>Telephone: 303.592.3100<br>Facsimile: 303.592.3140<br>Email: sean.grimsley@bartlitbeck.com<br>daniel.taylor@bartlitbeck.com<br>alison.wheeler@bartlitbeck.com<br><br>By: s/ *Kathleen M. O'Sullivan*<br>Kathleen M. O'Sullivan, WSBA No. 27850<br>Nicola C. Menaldo, WSBA No. 44459<br>David T. Martin, WSBA No. 50160<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br>Email: KOSullivan@perkinscoie.com<br>NMenaldo@perkinscoie.com<br>DMartin@perkinscoie.com<br><br>Attorneys for Defendant<br>Scientific Games Corporation |

SCIENTIFIC GAMES' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM DEADLINE (No. 2:18-cv-00565-RSL) - 4

**Bartlit Beck LLP**
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
Phone: 312.494.4400
Fax: 312.494.4440