| | |
|---|---|
| 1 | THE HONORABLE ROBERT S. LASNIK |
| 2 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNA REED, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>   v.<br><br>SCIENTIFIC GAMES CORP.,<br><br>     Defendant. | No. 2:18-cv-00565-RSL<br><br>**DEFENDANT SCIENTIFIC GAMES' RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL**<br><br>NOTE ON MOTION CALENDAR:<br>April 30, 2021 |

SCIENTIFIC GAMES' RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL (No. 2:18-cv-00565-RSL)

**Bartlit Beck LLP**
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
Phone: 312.494.4400
Fax: 312.494.4440

Pursuant to Fed. R. Civ. P. 26(c)(7) and Local Civil Rule 5(g), Scientific Games respectfully files this response in support of Plaintiff's Motion to Seal (Dkt. 110).

At Scientific Games' request, Plaintiff filed under seal a chart and related paragraph contained in Plaintiff's Motion for Class Certification and for Preliminary Injunction (the "Chart"), as well as Exhibit 1 to the Declaration of Todd Logan filed in support of Plaintiff's motion ("Exhibit 1"), Dkt. 113-1. Exhibit 1 is an Excel spreadsheet containing highly sensitive and confidential SciPlay (formerly Scientific Games) transactional and customer information, and the Chart is a summary of certain information found in Exhibit 1. Accordingly, good cause exists for Exhibit 1 and the accompanying Chart to remain filed under seal.

## I.   ARGUMENT

Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure allows a party, upon a showing of good cause, to file documents under seal so that "a trade secret or other confidential research, development, or commercial information not be revealed." The party seeking to seal documents must make "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Civil Rule 5(g)(3)(B).

Though there is generally a common law right of access to filings in civil proceedings, public "access to judicial records is not absolute," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), and courts prevent public access to records to protect "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("'the right to inspect and copy judicial records is not absolute,' and, in particular, 'the common-law right of inspection has bowed before the power of a court to insure that its records are not used … as sources of business information that might harm a litigant's competitive standing.'" (*quoting Nixon*, 435 U.S. at 598)). Moreover, since

SCIENTIFIC GAMES' RESPONSE IN
SUPPORT OF PLAINTIFF'S MOTION TO
SEAL (No. 2:18-cv-00565-RSL) - 1

**Bartlit Beck LLP**
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
Phone: 312.494.4400
Fax: 312.494.4440

1  Plaintiff's class certification motion is non-dispositive, Scientific Games need only show good
2  cause to seal the Chart and Exhibit 1. *See Kamakana,* 447 F.3d at 1179-80 (contrasting
3  "compelling reasons" standard for sealing documents attached to dispositive motions to the
4  lesser "good cause" standard for those attached to non-dispositive motions).
5        Where the party seeking to seal a document is a business, the good cause requirement to
6  seal the documents is satisfied by showing "that disclosure would cause significant harm to its
7  competitive and financial position." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307 (N.D. Cal.
8  2005); *see also, e.g., G & C Auto Body Inc. v. Geico Gen. Ins. Co.*, No C06-04898 MJJ, 2008
9  WL 687372 at *2-3 (N.D. Cal. March 11, 2008) (confidential nature of a business' internal
10 financial information held sufficient for a finding of good cause to file documents under seal).
11 This includes information regarding litigants' confidential sales data, *Nat'l Prod., Inc. v. Aqua
12 Box Prod., LLC*, No. C12-605 RSM, 2013 WL 12106901, at *1 (W.D. Wash. Mar. 25, 2013), as
13 well as financial and banking information, *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, No.
14 C18-1011-RSM, 2020 WL 978260 (W.D. Wash. Feb. 28, 2020). Courts also recognize that
15 confidential business information is appropriate to seal where its disclosure "has the potential to
16 harm the parties' positions in the industry." *BitTitan, Inc. v. SkyKick, Inc.*, No. C15-0754RSM,
17 2015 WL 12159149, at *1 (W.D. Wash. Aug. 14, 2015); *see also, e.g., Int'l News Inc. v. 10 Deep
18 Clothing Inc.*, No. C18-0302-JCC, 2020 WL 5981643, at *1 (W.D. Wash. Oct. 8, 2020)
19 (granting motions to seal motions that "contain or relate to confidential financial information, the
20 disclosure of which would harm the parties' competitive standing in their industry.").
21       Produced by Apple and designated as confidential under the Protective Order entered in
22 this case (Dkt. 43), Exhibit 1 is an Excel spreadsheet that describes every single Jackpot Party
23 Casino and Gold Fish Casino sales transaction made for more than six years by gameplayers
24 with IP addresses purportedly attributable to Washington state players. Declaration of James P.
25 Thompson ("Thompson Decl.") ¶ 3. It includes player identification numbers, the date and time
26 of each transaction, the price paid by the player, and the number of coins purchased. *Id*. And

SCIENTIFIC GAMES' RESPONSE IN
SUPPORT OF PLAINTIFF'S MOTION TO
SEAL (No. 2:18-cv-00565-RSL) - 2

**Bartlit Beck LLP**
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
Phone: 312.494.4400
Fax: 312.494.4440

while the Chart contains less detail, it still provides critical information regarding the games' users and their spending patterns. *Id*.

Good cause exists to seal the Chart and Exhibit 1 because their disclosure would cause significant harm to the competitive and financial position of Scientific Games' subsidiary, SciPlay. With data ranging from 2014 through 2020, the spreadsheet includes highly sensitive SciPlay information, which spun off from Scientific Games in 2019 and since then has owned the games at issue in this lawsuit. *See id*. ¶ 1. This information is essential to SciPlay's operations and is relied on to develop and optimize the games. *Id*. ¶ 4. If SciPlay's competitors were to gain access to this information, they would receive valuable insights into SciPlay's business and gameplayers and would immediately exploit it to target and lure away SciPlay customers. *Id*. ¶¶ 4-5.

Like other companies in the social gaming industry, SciPlay treats this granular transaction data as extremely confidential and has exerted commercially reasonable efforts to ensure the information remains confidential. *Id*. ¶ 6; *see also, e.g., Benson v. Double Down Interactive, LLC*, No. 18-cv-00525-RSL, Declaration of Joe Sigrist in Support of Double Down Interactive, LLC's Response in Support of Plaintiffs' Motion to Seal (W.D. Wash. March 8, 2021), ECF No. 204, at ¶ 6. Similarly, Apple limits outside access to the data to SciPlay. Thompson Decl. ¶ 6.[1]

Moreover, the risk of competitive harm to SciPlay in this case far outweighs the public interest in the information contained in Exhibit 1 and the Chart. *See, e.g., Fed. Trade Comm'n v. Amazon.com, Inc.*, No. C15-1038-JCC, 2016 WL 4447049, at *2-3 (W.D. Wash. Aug. 24, 2016) (motion to seal granted in part where risk of competitive harm outweighed public interest where court did not significantly rely on sealed information). Neither Exhibit 1 nor the Chart is

---

[1] While Plaintiff chose to rely on the spreadsheet produced by Apple as "confidential" under the parties' Protective Order, Scientific Games has produced comparable information (from Google) that also was designated as confidential. Should Plaintiff challenge Scientific Games' standing to seal this information, the fact that Plaintiff cited data produced by Apple rather than by Scientific Games is irrelevant, given the facts presented here establishing its extremely sensitive nature.

SCIENTIFIC GAMES' RESPONSE IN
SUPPORT OF PLAINTIFF'S MOTION TO
SEAL (No. 2:18-cv-00565-RSL) - 3

**Bartlit Beck LLP**
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
Phone: 312.494.4400
Fax: 312.494.4440

necessary to understand Plaintiff's certification motion. In fact, the motion does not rely on Exhibit 1 at all, other than as a footnote to support the Chart. And the Chart simply summarizes information about the amount of money different groups of Jackpot Party Casino gameplayers spend, which is neither in dispute nor relevant to the legal issues presented by Plaintiff's certification motion. While the Chart may provide a flashy introduction to Plaintiff's motion, it is cited nowhere else in the motion and is simply unnecessary to understand whether class certification is proper in this case.

## II.  CONCLUSION

Because disclosure of the Chart and Exhibit 1 would cause Scientific Games' subsidiary SciPlay competitive harm and will not aid the public in understanding Plaintiff's certification motion, Scientific Games respectfully requests that this Court grant Plaintiff's Motion to Seal.

SCIENTIFIC GAMES' RESPONSE IN
SUPPORT OF PLAINTIFF'S MOTION TO
SEAL (No. 2:18-cv-00565-RSL) - 4

**Bartlit Beck LLP**
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
Phone: 312.494.4400
Fax: 312.494.4440

| | | |
|---|---|---|
| 1 | DATED:  April 26, 2021 | By: s/ *Adam L. Hoeflich* |
| 2 | | Adam L. Hoeflich (*pro hac vice*) |
| | | **Bartlit Beck LLP** |
| 3 | | Courthouse Place |
| | | 54 West Hubbard Street |
| 4 | | Chicago, IL 60654 |
| | | Telephone: 312.494.4400 |
| 5 | | Facsimile: 312.494.4440 |
| 6 | | Email: adam.hoeflich@bartlitbeck.com |
| 7 | | Sean C. Grimsley (*pro hac vice*) |
| | | Daniel C. Taylor (*pro hac vice*) |
| 8 | | Alison G. Wheeler (*pro hac vice*) |
| | | **Bartlit Beck LLP** |
| 9 | | 1801 Wewatta Street, 12th Floor |
| 10 | | Denver, CO 80202 |
| | | Telephone: 303.592.3100 |
| 11 | | Facsimile: 303.592.3140 |
| | | Email: sean.grimsley@bartlitbeck.com |
| 12 | | daniel.taylor@bartlitbeck.com |
| 13 | | alison.wheeler@bartlitbeck.com |
| 14 | | By: s/ *Kathleen M. O'Sullivan* |
| | | Kathleen M. O'Sullivan, WSBA No. 27850 |
| 15 | | Nicola C. Menaldo, WSBA No. 44459 |
| | | David T. Martin, WSBA No. 50160 |
| 16 | | **Perkins Coie LLP** |
| 17 | | 1201 Third Avenue, Suite 4900 |
| | | Seattle, WA 98101-3099 |
| 18 | | Telephone: 206.359.8000 |
| | | Facsimile: 206.359.9000 |
| 19 | | Email: KOSullivan@perkinscoie.com |
| | | NMenaldo@perkinscoie.com |
| 20 | | DMartin@perkinscoie.com |
| 21 | | |
| 22 | | *Attorneys for Defendant* |
| | | *Scientific Games Corporation* |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

SCIENTIFIC GAMES' RESPONSE IN
SUPPORT OF PLAINTIFF'S MOTION TO
SEAL (No. 2:18-cv-00565-RSL) - 5

**Bartlit Beck LLP**
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
Phone: 312.494.4400
Fax: 312.494.4440