The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DONNA REED, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SCIENTIFIC GAMES CORP., a Nevada corporation,<br><br>*Defendant*. | Case No. 18-cv-00565-RSL<br><br>**PLAINTIFF'S REPLY IN OPPOSITION TO MOTION TO SEAL**<br><br>Noting Date: April 30, 2021 |

Pursuant to Local Civil Rule 5(g) and the parties' protective order at Dkt. #43, Plaintiff filed a motion to seal three items: (1) a graph (Figure 1) in Plaintiff's Motion for Class Certification and for a Preliminary Injunction; (2) one paragraph of text in Plaintiff's Motion for Class Certification and for a Preliminary Injunction; and (3) the entirety of Exhibit 1 to the Declaration of Todd Logan, which is a true and accurate copy of data Apple Inc. produced pursuant to a subpoena issued out of this case as "APL-FIFE_00001475" and designated as "CONFIDENTIAL."

As a preliminary matter, in its Response in support of Plaintiff's Motion to Seal, Defendant Scientific Games describes the alleged harms to its subsidiary SciPlay, *but not to*

*Scientific Games*, that would occur if the material was unsealed. Dkt. #130-1 at 3-4. It appears that Scientific Games' newly retained attorneys from Bartlit Beck are preparing to argue—three years into the litigation—that SciPlay, and not Scientific Games, is the appropriate defendant in this case. That is twice this month this same issue has been raised by newly retained defense counsel in the social casino litigation: in *Benson v. DoubleDown Interactive*, defendant International Game Technology recently hired new lead defense counsel and began—three years into the case—raising "wrong defendant" type arguments. *See* No. 18-cv-525-RSL, Dkt. #236 (W.D. Wash. Apr. 19, 2021). In any event, Plaintiff's counsel has begun the process of meeting and conferring with Scientific Games' new counsel regarding which corporate entities are appropriate defendants in this case and hopes to resolve the issue without intervention from the Court. *Cf. Benson*, Dkt. #246 (W.D. Wash. Apr. 26, 2021) (stipulation permitting filing of amended complaint, including additional entity, without derailing class certification and preliminary injunction proceedings or other case deadlines).

Turning to the substance, Scientific Games' Response in support of the Motion to Seal fails to meet its burden under Local Civil Rule 5(g)(3)(B) to show that any of the materials should remain under seal. Consequently, the motion should be denied and the three items should be unsealed.

"There is a strong presumption of public access to the court's files." LCR 5(g). "Absent a showing that the public's right of access is outweighed by the interests of the public and/or the parties in shielding the material from public view, a seal is not appropriate." *See* Order Denying Plaintiffs' Motion to Seal, *Kater v. Churchill Downs Inc.*, No. 15-cv-612-RSL, Dkt. #284 at ECF 2 (W.D. Wash. Feb. 10, 2021). Here, the Response to the Motion to Seal argues that there is good cause to seal the three items because "their disclosure would cause significant harm to the competitive and financial position of Scientific Games' subsidiary, SciPlay." Dkt. #130-1 at 3.

Figure 1 and the related paragraph of text in Plaintiff's Motion for Class Certification and for a Preliminary Injunction do not include any transaction-level information, as Scientific Games admits. *Id.* (admitting that "the Chart contains less detail" than Exhibit 1). Figure 1 shows

aggregate revenue for broad categories of users and the number of users in each category, and the text simply describes Figure 1. *See* Dkt. #111 at 1-2. These items do not disclose any transaction-level information (such as the "player identification numbers, the date and time of each transaction, the price paid by the player, and the number of coins purchased"), so Scientific Games' arguments about commercial sensitivity do not apply. *See* Dkt. #130-1 at 2-3. Scientific Games' conclusory statement that the Chart "still provides critical information regarding the games' users and their spending patterns," *id.* at 3, does not come close to showing that its interest in sealing these items outweighs the public's right of access. Despite Scientific Games' claim that "[n]either Exhibit 1 nor the Chart is necessary to understand Plaintiff's certification motion," *id.* at 3-4, Plaintiff does rely on Figure 1 and the related paragraph of text in support of her Motion for a Preliminary Injunction. *See, e.g.*, Dkt. #111 at 23-24 ("[A]lmost all of [Scientific Games' revenue] comes from a vulnerable population of problem gamblers who spend thousands upon thousands of dollars they cannot afford to lose."). Therefore, the Court should unseal the entirety of Plaintiff's Motion for Class Certification and for a Preliminary Injunction. *See* Order Denying Plaintiffs' Motion to Seal, *Kater*, Dkt. #284 at ECF 3 (describing the public's interest in having access to "revenue information").

Exhibit 1 to the Declaration of Todd Logan, Dkt. #113-1, presents a closer call. Exhibit 1 does contain granular, transaction-level information. *See* Dkt. #130-1 at 3 (describing the confidentiality of "granular transaction data"). With that said, the public's interest in accessing this information outweighs Scientific Games' interest in shielding it from view. The public has a strong interest in accessing the transaction-level information because the trends revealed by that information bear directly on—and, in Plaintiff's view, conclusively establish—Plaintiff's allegations that Defendant has engaged in and continues to engage in unfair business practices. And because the information is anonymized, listing players only by "player identification number," *id.* at 2, unsealing will not harm any class members' privacy interests here. Weighing the relevant interests, the public's right of access should prevail, and the Court should unseal Exhibit 1.

1   For the foregoing reasons, all three items should be unsealed.

3   Dated: April 30, 2021           Respectfully submitted,

                                    **DONNA REED,** individually and on behalf of all others similarly situated,

                                    By: /s/ Todd Logan

                                    Rafey S. Balabanian*
                                    rbalabanian@edelson.com
                                    Todd Logan*
                                    tlogan@edelson.com
                                    Brandt Silver-Korn*
                                    bsilverkorn@edelson.com
                                    EDELSON PC
                                    150 California Street, 18th Floor
                                    San Francisco, CA 94111
                                    Tel: 415.212.9300 / Fax: 415.373.9435

                                    By: /s/ Alexander G. Tievsky

                                    Jay Edelson*
                                    jedelson@edelson.com
                                    Alexander G. Tievsky, WSBA #57125
                                    atievsky@edelson.com
                                    Amy B. Hausmann*
                                    abhausmann@edelson.com
                                    EDELSON PC
                                    350 North LaSalle Street, 14th Floor
                                    Chicago, Illinois 60654
                                    Tel: 312.589.6370 / Fax: 312.589.6378

                                    By: /s/ Cecily C. Shiel

                                    Cecily C. Shiel, WSBA #50061
                                    cshiel@tousley.com
                                    TOUSLEY BRAIN STEPHENS PLLC
                                    1700 Seventh Avenue, Suite 2200
                                    Seattle, Washington 98101
                                    Tel: 206.682.5600

                                    *Admitted *pro hac vice*

1
*Attorneys for Plaintiff and the Proposed Classes*

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27