UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNA REED, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCIENTIFIC GAMES CORP.,<br><br>Defendant. | CASE NO. 2:18-cv-00565-RSL<br><br>**AGREEMENT AND ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

3.     Defendant Scientific Games Corp. has filed a motion to stay proceedings in this matter pending its appeal of the Court's denial of its motion to compel arbitration. (Dkt. 137). As explained in that motion, Scientific Games' position—which Plaintiff disputes—is that no discovery should take place until after the Ninth Circuit resolves the arbitrability of Plaintiff Donna Reed's claims. Scientific Games states that it is entering this ESI Agreement in order to provide a mechanism for the orderly conduct of discovery in the event that Scientific Games' motion to stay is denied (by both this Court and the Ninth Circuit), and/or if the Ninth Circuit ultimately rules against Scientific Games on its appeal of the arbitration issue. Both parties agree and stipulate that Scientific Games enters this ESI Agreement without prejudice to, and without in any way waiving or diminishing, any arguments regarding compelling arbitration in this case or Scientific Games' motion to stay proceedings pending appeal (Dkt. 137).

4.     Plaintiff Donna Reed states that a requesting party may appropriately identify search terms and custodians in a document request. Further, Plaintiff's position is that the role of an ESI protocol—in the context of ESI search methodology—is to fill in the gaps where the requesting party's document request does not specify search terms and custodians, instead relying on the responding party to select appropriate search terms and custodians in the context of the specific request. *Cf. Benson et al. v. Double Down Interactive et al.*, Case No. 18-cv-00525, Dkt. 366 (W.D. Wash.) (Lasnik, J.) ("[A party] does not get to unilaterally rewrite the opposing party's discovery requests and does not get to choose the custodians, the search terms, and/or the date of production.")

**B.     ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

AGREEMENT AND ORDER REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION                    PAGE - 2
(Case No. 2:18-CV-00565-RSL)

1.      <u>Custodians.</u> The five custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2.      <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3.      <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.      <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

5.      <u>Foreign data privacy laws.</u>  Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679.  The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

**C.      ESI Discovery Procedures**

1.      <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.      <u>Search methodology.</u> The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including

1  custodians), and other appropriate computer- or technology-aided methodologies, before any such

2  effort is undertaken. For the avoidance of doubt, a party may identify specific search terms and

3  custodians in a document request and—to the extent the responding party believes such a request

4  is unduly burdensome, disproportionate to the needs of the case, cumulative, identifies improper

5  custodians, returns excessive and/or irrelevant hits, or is objectionable for any other reason—it

6  may raise the objection(s) in its response or through the meet and confer process contemplated by

7  this Agreement. The parties shall continue to cooperate in revising the appropriateness of the

8  search methodology.

9        a.      Prior to running searches:

10        i.      The producing party shall disclose the data sources (including

11  custodians), search terms and queries, any file type and date restrictions, and any other

12  methodology that it proposes to use to locate ESI likely to contain responsive and discoverable

13  information. The producing party may provide unique hit counts for each search query.

14        ii.      The requesting party is entitled to, within 14 days of the producing

15  party's disclosure, add no more than 20 search terms or queries to those disclosed by the

16  producing party absent a showing of good cause or agreement of the parties.

17        iii.      The following provisions apply to search terms / queries of the

18  requesting party.  Focused terms and queries should be employed; broad terms or queries, such

19  as product and company names, generally should be avoided.  A conjunctive combination of

20  multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as

21  a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer"

22  or "system") broadens the search, and thus each word or phrase shall count as a separate search

23  term unless they are variants of the same word.  The producing party may identify each search

24

term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

3.  <u>Format.</u>

a.  ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

b.  Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

c.  Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

d.  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

4.  <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

5.      Email Threading.   The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies.   Upon reasonable request, the producing party will produce a less inclusive copy.

6.      Metadata fields. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

**D.      Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1.      Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2.      The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure

where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3.      Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

a.      Deleted, slack, fragmented, or other data only accessible by forensics.

b.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.      On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.      Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e.      Back-up data that are duplicative of data that are more accessible elsewhere.

f.      Server, system or network logs.

g.      Data remaining from systems no longer in use that is unintelligible on the systems in use.

h.      Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.      Privilege**

      1.      A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production.

      2.      Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

      3.      With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

      4.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

      5.      Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  Information produced in discovery that is protected as privileged

1    or work product shall be immediately returned to the producing party, and its production shall not

2    constitute a waiver of such protection.

3    DATED:  October 13, 2021

4    By: /s/ Todd Logan
     Rafey S. Balabanian*
5    rbalabanian@edelson.com
     Todd Logan*
6    tlogan@edelson.com
     Brandt Silver-Korn*
7    bsilverkorn@edelson.com
     **EDELSON PC**
     150 California Street, 18th Floor
8    San Francisco, California 94111
     Tel: 415.212.9300 / Fax: 415.373.9435
9    By:  /s/ Alexander G. Tievsky
     Jay Edelson*
10   jedelson@edelson.com
     Alexander G. Tievsky, WSBA #57125
11   atievsky@edelson.com
     Amy B. Hausmann*
12   abhausmann@edelson.com
     **EDELSON PC**
     50 N LaSalle Street, 14th Floor
13   Chicago, IL 60654
     Tel: 312.589.6370 / Fax: 312.589.6378
14   By: /s/ Cecily C. Jordan
     Cecily C. Jordan, WSBA #50061
15   cjordan@tousley.com
     **TOUSLEY BRAIN STEPHENS PLLC**
16   1200 Fifth Avenue, Suite 1700
     Seattle, Washington 98101
17   Tel: 206.682.5600

18   *Admitted pro hac vice

19   *Attorneys for Plaintiff*

By:   /s/ Adam L. Hoeflich
     Adam L. Hoeflich (*pro hac vice*)
     **Bartlit Beck LLP**
     Courthouse Place
     54 West Hubbard Street
     Chicago, IL 60654
     Telephone: 312.494.4400
     Facsimile: 312.494.4440
     Email: adam.hoeflich@bartlitbeck.com

     Daniel C. Taylor (*pro hac vice*)
     Alison G. Wheeler (*pro hac vice*)
     **Bartlit Beck LLP**
     1801 Wewatta Street, 12th Floor
     Denver, CO 80202
     Telephone: 303.592.3100
     Facsimile: 303.592.3140
     Email: daniel.taylor@bartlitbeck.com
     alison.wheeler@bartlitbeck.com

By:   /s/ Kathleen M. O'Sullivan
     Kathleen M. O'Sullivan, WSBA No. 27850
     Nicola C. Menaldo, WSBA No. 44459
     David T. Martin, WSBA No. 50160
     **Perkins Coie LLP**
     1201 Third Avenue, Suite 4900
     Seattle, WA 98101-3099
     Telephone: 206.359.8000
     Facsimile: 206.359.9000
     Email: KOSullivan@perkinscoie.com
     NMenaldo@perkinscoie.com
     DMartin@perkinscoie.com

     *Attorneys for Defendant*
     *Scientific Games Corporation*

25   AGREEMENT AND ORDER REGARDING DISCOVERY
     OF ELECTRONICALLY STORED INFORMATION            PAGE - 9
26   (Case No. 2:18-CV-00565-RSL)

1

**ORDER**

2   Based on the foregoing, IT IS SO ORDERED.

3

Dated this 14th day of October, 2021.

4

*Robt S Lasnik*

5   Robert S. Lasnik
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   AGREEMENT AND ORDER REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION                PAGE - 10

26   (Case No. 2:18-CV-00565-RSL)