# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| DONNA REED, individually and on behalf of all others similarly situated, | No. 18-cv-0565-RSL |
| *Plaintiff*, | **STIPULATION AND ORDER RE AGREED RIDER TO PROTECTIVE ORDER REGARDING THE USE AND DISCLOSURE OF DISCOVERY PRODUCED BY NONPARTY AMAZON.COM, INC.** |
| *v.* | |
| SCIENTIFIC GAMES CORP., a Nevada corporation. | |
| *Defendant*. | |

STIPULATION AND ORDER
Case No. 18-cv-565 - 1

**EDELSON PC**
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370 • Fax: 312.589.6378

1   This agreement is entered into between and among nonparty Amazon.com, Inc.

2 ("Amazon") and Donna Reed ("Plaintiff), the named plaintiff in *Reed v. Scientific Games Corp.*

3 No. 18-cv-565-RSL (the "Action").  Plaintiff and Amazon anticipate that Amazon will produce

4 documents in this action that contain sensitive consumer information.  This agreement is

5 intended to supplement the protective ordered entered by the Court on March 8, 2019 (ECF

6 No. 43) ("Protective Order").

7   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good

8 cause for the following Agreed Rider To Protective Order Regarding The Use And

9 Disclosure Of Discovery Produced By Nonparty Amazon.com, Inc. ("Rider").

10   **PURPOSES AND LIMITATIONS**

11   Amazon Protected Material designated under the terms of this Rider shall be used by the

12 Class Action Administrator and the Parties solely for the purpose of providing notice to and

13 verifying and paying the recovery amount owed to each member of the Settlement Class.

14 Amazon Protected Material shall not be used directly or indirectly for any other purpose

15 whatsoever.

16   No Amazon Protected Material provided by Amazon to the Class Action Administrator

17 under the terms of this Rider may be shared with any of the Parties, unless specifically

18 authorized by this Rider.

19   It is the intention of Amazon and the Parties that this Rider will protect all materials

20 produced by Amazon in the Action unless otherwise specified.

21   **DEFINITIONS**

22   "Class Action Administrator" means JND Legal Administration, acting as class action

23 administrator to effect the Class Action Settlement Agreement entered.

24   "Class Action Settlement Agreement" means the document filed at ECF No. 164-1 in the

25 Action.

26

27

STIPULATION AND ORDER
Case No. 18-cv-565 - 2

**EDELSON PC**
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370  •  Fax: 312.589.6378

"Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

"Amazon Protected Material" means any discovery produced by Amazon in the Action.

"Settlement Class" has the meaning provided in the Class Action Settlement Agreement.

**COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

**SCOPE**

The protections conferred by this Rider cover not only the Amazon Protected Material governed by this Rider as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Plaintiff or his counsel in court or in other settings that might reveal Amazon Protected Material.

Nothing in this Rider shall prevent or restrict Amazon's own disclosure or use of its own Amazon Protected Material for any purpose, and nothing in this Rider shall preclude Amazon from showing its Amazon Protected Material to an individual who prepared the Amazon Protected Material.

**DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs, subject to the Final Disposition clause herein.

**ACCESS TO AMAZON PROTECTED MATERIAL**

Basic Principles.  All Amazon Protected Material shall be used solely for the purpose of providing notice to and verifying and paying the recovery amount owed to members of the Settlement Class, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or

**EDELSON PC**
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370  •  Fax: 312.589.6378

1  any business or competitive purpose or function. Amazon Protected Material shall not be

2  provided, distributed, disclosed, or made available to anyone except as expressly provided in this

3  Rider.

4        Secure Storage, No Export. Amazon Protected Material must be stored and maintained by

5  a Receiving Party at a location in the United States and in a secure manner that ensures that

6  access is limited to the persons authorized under this Rider. To ensure compliance with

7  applicable United States Export Administration Regulations, Amazon Protected Material may

8  not be exported outside the United States or released to any foreign national (even if within the

9  United States).

10       Legal Advice Based on Amazon Protected Material.  Nothing in this Rider shall be

11  construed to prevent counsel from advising their clients with respect to this case based in whole

12  or in part upon Amazon Protected Materials, provided counsel does not disclose the Amazon

13  Protected Material itself except as provided in this Rider.

14       Limitations.  Nothing in this Rider shall restrict in any way Amazon's use or disclosure

15  of its own Amazon Protected Material.

16       Designation.  For the avoidance of doubt, in all circumstances not specifically addressed

17  by this Rider, all Amazon Protected Material shall be treated as if designated

18  "CONFIDENTIAL" under the Protective Order regardless of whether the Amazon Protected

19  Material has been stamped or marked in accordance with that Order.

20       **USE OF PROTECTED MATERIAL**

21       It is Amazon's and the Parties' intention that Amazon will produce Amazon Protected

22  Materials directly to the Class Action Administrator, with no production to any of the Parties.

23       Unless otherwise ordered by the Court or authorized through the prior written consent of

24  Amazon, the Class Action Administrator may disclose Amazon Protected Materials only to those

25  members of the Class Action Administrator's staff, or to any copying, clerical or other support

26  services working at the direction of the Class Action Administrator, to whom disclosure is

27  reasonably necessary in order to provide notice to and/or to verify and pay the recovery amount

STIPULATION AND ORDER
Case No. 18-cv-565 - 4

**EDELSON PC**
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370  •  Fax: 312.589.6378

1  owed to members of the Settlement Class, provided that each such person to whom disclosure is

2  made must first agree to be bound by the provisions of this Rider by signing a copy of Exhibit A.

3      Nothing in the foregoing paragraph is intended to restrict the Class Action Administrator

4  from disclosing to a member of the Settlement Class any Amazon Protected Material that

5  specifically relates to that individual.

6      <u>Certain Members of the Settlement Class</u>: As a limited exception and subject to this

7  Rider, as of the date of production, the Class Action Administrator may furnish to Counsel for

8  Plaintiff the contact information for and Lifetime Spending Amount associated with each

9  Settlement Class Member who has a Lifetime Spending Amount of greater than or equal to

10  $10,000.

11      For the avoidance of doubt, no Settlement Class Member's contact information or

12  Lifetime Spending Amounts shall be provided to Counsel for Plaintiff unless Counsel for

13  Plaintiff have been appointed by the Court as Class Counsel.

14      Any contact information disclosed to counsel for Plaintiff pursuant to this section shall be

15  used solely for the purpose of providing notice of the Class Action Settlement Agreement to

16  members of the Settlement Class, and counsel for Plaintiff shall disclose Contact Information

17  only to counsel's staff, or to any copying, clerical or other support services working at the

18  direction of counsel for Plaintiff, to whom disclosure is reasonably necessary to provide notice to

19  the member.  All Contact Information relating to a member of the Settlement Class shall be

20  destroyed by counsel for Plaintiff upon confirmation that the member has received actual notice

21  of the Class Action Settlement.

22      **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

23      This Rider is intended to provide no mechanism to the Parties through which they can

24  challenge the designation or protected status of Amazon Protected Materials.

25      **SUBPOENAS OR COURT ORDERS**

26      If at any time Amazon Protected Material is subpoenaed by any court, arbitral,

27  administrative, or legislative body, the Party to whom the subpoena or other request is directed

STIPULATION AND ORDER
Case No. 18-cv-565 - 5

**EDELSON PC**
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370 • Fax: 312.589.6378

1  shall immediately give prompt written notice thereof to Amazon and to its counsel and shall

2  provide Amazon with an opportunity to move for a protective order regarding the production of

3  Amazon Protected Materials implicated by the subpoena.

4  **FILING PROTECTED MATERIAL**

5  Absent written permission from Amazon or a court Order secured after appropriate notice

6  to all interested persons, the Plaintiff may not file or disclose in the public record any Amazon

7  Protected Material.

8  **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

9  In the event of a disclosure of any Amazon Protected Material pursuant to this Rider to

10  any person or persons not authorized to receive such disclosure under this Rider, the Party

11  responsible for having made such disclosure, and each Party with knowledge thereof, shall

12  immediately notify counsel for Amazon and provide to such counsel all known relevant

13  information concerning the nature and circumstances of the disclosure. The responsible

14  disclosing Party shall also promptly take all reasonable measures to retrieve the improperly

15  disclosed Amazon Protected Material and to ensure that no further or greater unauthorized

16  disclosure and/or use thereof is made.

17  Unauthorized or inadvertent disclosure does not change the status of Amazon Protected

18  Material or waive the right to hold the disclosed document or information as Protected.

19  **FINAL DISPOSITION**

20  Not later than ninety (90) days after closure of the Final Disposition of this case, the

21  Parties and the Class Action Administrator shall return all Discovery Material of a Producing

22  Party to the respective outside counsel of the Producing Party or destroy such Material, at the

23  option of Amazon.  For purposes of this Order, "Final Disposition" occurs after an order,

24  mandate, or dismissal finally terminating the above-captioned action with prejudice, including all

25  appeals.

26

27

STIPULATION AND ORDER
Case No. 18-cv-565 - 6

**EDELSON PC**
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370  •  Fax: 312.589.6378

1  Counsel for Plaintiff that has received any such Discovery Material, as well as the Class

2  Action Administrator, shall certify in writing that all such materials have been returned to

3  counsel for Amazon or destroyed.

4  **MISCELLANEOUS**

5  Termination of Matter and Retention of Jurisdiction.  The Parties and Amazon agree that

6  the terms of this Rider shall survive and remain in effect after the Final Determination of the

7  Action.  The Court shall retain jurisdiction after Final Determination of the matter to hear and

8  resolve any disputes arising out of this Rider.

9  Successors.  This Rider shall be binding upon Amazon and the Parties hereto, their

10  attorneys, and their successors, executors, personal representatives, administrators, heirs, legal

11  representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and

12  experts, and any persons or organizations over which they have direct control.

13  Modification by Court.  This Order is subject to further court order based upon public

14  policy or other considerations, and the Court may modify this Order sua sponte in the interests of

15  justice.  The United States District Court for the Western District of Washington is responsible

16  for the interpretation and enforcement of this Order.  All disputes concerning Amazon Protected

17  Material, however designated, produced under the protection of this Order shall be resolved by

18  the United States District Court for the Western District of Washington.

19  Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way

20  the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United

21  States District Court for the Western District of Washington, or the Court's own orders.

22  Identification of any individual pursuant to this Protective Order does not make that individual

23  available for deposition or any other form of discovery outside of the restrictions and procedures

24  of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for

25  the Western District of Washington, or the Court's own orders.

26  Representation and Agreements Regarding Production.  Amazon represents that it will

27  complete production of emails and spending amounts, directly to the Settlement Administrator,

STIPULATION AND ORDER
Case No. 18-cv-565 - 7

**EDELSON PC**
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370  •  Fax: 312.589.6378

1  as promptly as possible, and on or before February 11, 2022.  Amazon further represents that it

2  will promptly complete production of names, physical addresses, and phone numbers

3  ("Supplemental Information") for class members who spent over $100, to the extent Amazon is

4  in possession of such information**,** though compiling and producing the Supplemental

5  Information may require additional time and production may not be complete as of the Court-

6  ordered deadline.  Class Counsel agrees to further meet and confer in good faith with Amazon

7  regarding timing of the production of the Supplemental Information, but reserve their right to

8  pursue appropriate remedies should Amazon not timely produce the Supplemental Information.

9                                      *                              *                              *

10         Respectfully submitted,

11

12  **Dated**: January 28, 2022                    By: /s/  Brandt Silver-Korn

13                                                       Rafey S. Balabanian*
                                                        rbalabanian@edelson.com
14                                                       Todd Logan*
                                                        tlogan@edelson.com
15                                                       Brandt Silver-Korn*
                                                        bsilverkorn@edelson.com
16                                                       EDELSON PC
                                                        150 California Street, 18th Floor
17                                                       San Francisco, California 94111
                                                        Tel: 415.212.9300/Fax: 415.373.9435
18

19

20                                                       By: /s/  Cecily C. Jordan
                                                        TOUSLEY BRAIN STEPHENS PLLC
21                                                       Cecily C. Jordan, WSBA #50061
                                                        cjordan@tousley.com
22                                                       1200 Fifth Avenue, Suite 1700
                                                        Seattle, Washington 98101
23                                                       Tel: 206.682.5600

24                                                       *Plaintiff's Attorneys and Class Counsel*

25                                                       *Admitted *pro hac vice

26

27

STIPULATION AND ORDER
Case No. 18-cv-565 - 8

**EDELSON PC**
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370  •  Fax: 312.589.6378

1

**Dated**: January 28, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

By: /s/  Ramie Snodgrass

DAVIS WRIGHT TREMAINE LLP
James Howard, WSBA #37259
JimHoward@dwt.com
Ramie Snodgrass WSBA #40689
RamieSnodgrass@dwt.com
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 757-8137

*Attorneys for Nonparty Amazon.com, Inc.*


### ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated this 28th day of January, 2022.


ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER
Case No. 18-cv-565 - 9

**EDELSON PC**
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370  •  Fax: 312.589.6378

**EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Amazon.com, Inc. ("Rider") in *Reed v. Scientific Games Corp.* No. 18-cv-565-RSL, United States District Court, District of Washington, Western District.  Having read and understood the terms of the Rider, I agree to be bound by the terms of the Rider and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Rider.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]

STIPULATION AND ORDER
Case No. 18-cv-565 - 10

**EDELSON PC**
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370  •  Fax: 312.589.6378