UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNA REED, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SCIENTIFIC GAMES CORP., a Nevada corporation.<br><br>*Defendant*. | No. 18-cv-565-RSL<br><br>**STIPULATION AND ORDER RE AGREED RIDER TO PROTECTIVE ORDER REGARDING THE USE AND DISCLOSURE OF DISCOVERY PRODUCED BY NONPARTY META PLATFORMS, INC.** |

This agreement is entered into between and among nonparty Meta Platforms, Inc. ("Facebook") and the parties to the action captioned above, specifically: Donna Reed ("Plaintiff"), the named plaintiff in *Reed v. Scientific Games Corp*. No. 18-cv-565-RSL, (the "Action"), and defendant Scientific Games Corp. ("Defendant" and collectively with Plaintiff, the "Parties"). The Parties and Facebook anticipate that Facebook will produce documents in this action that contain sensitive information that is necessary to provide notice of the Class Action Settlement Agreement to members of the Settlement Class because Defendant does not possess this information. This agreement is intended to supplement the protective ordered entered by the Court on March 8, 2019 (ECF No. 43) ("Protective Order").

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Meta Platforms, Inc. ("Rider").

**PURPOSES AND LIMITATIONS**

Facebook Protected Material designated under the terms of this Rider shall be used by the Parties solely for the purpose of providing notice to and verifying and paying the recovery amount owed to each member of the Settlement Class. Facebook Protected Material shall not be used directly or indirectly for any other purpose whatsoever.

No Facebook Protected Material provided by Facebook to the Class Action Administrator under the terms of this Rider may be shared with any of the Parties, unless specifically authorized by this Rider.

It is the intention of Facebook and the Parties that this Rider will protect all materials produced by Facebook in the Action unless otherwise specified.

**DEFINITIONS**

"Class Action Administrator" means JND Legal Administration, acting as class action administrator to effect the Class Action Settlement Agreement entered.

"Class Action Settlement Agreement" means the document filed at ECF No. 164-1 in the Action.

"Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

"Facebook Protected Material" means any discovery produced by Facebook in the Actions.

"Settlement Class" has the meaning provided in the Class Action Settlement Agreement.

**COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

**SCOPE**

The protections conferred by this Rider cover not only the Facebook Protected Material governed by this Rider as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or their counsel in court or in other settings that might reveal Facebook Protected Material.

Nothing in this Rider shall prevent or restrict Facebook's own disclosure or use of its own Facebook Protected Material for any purpose, and nothing in this Rider shall preclude Facebook from showing its Facebook Protected Material to an individual who prepared the Facebook Protected Material.

**DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs, subject to the Final Disposition clause herein.

**ACCESS TO FACEBOOK PROTECTED MATERIAL**

Basic Principles.  All Facebook Protected Material shall be used solely for the purpose of providing notice to and verifying and paying the recovery amount owed to members of the Settlement Class, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Facebook Protected Material shall not be provided, distributed, disclosed, or made available to anyone except as expressly provided in this Rider.

Secure Storage, No Export. Facebook Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Rider.  To ensure compliance with applicable United States Export Administration Regulations, Facebook Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

Legal Advice Based on Facebook Protected Material. Nothing in this Rider shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Facebook Protected Materials, provided counsel does not disclose the Facebook Protected Material itself except as provided in this Rider.

Limitations.  Nothing in this Rider shall restrict in any way Facebook's use or disclosure of its own Facebook Protected Material.

Designation.  For the avoidance of doubt, in all circumstances not specifically addressed by this Rider, all Facebook Protected Material shall be treated as if designated "CONFIDENTIAL" under the Protective Order regardless of whether the Facebook Protected Material has been stamped or marked in accordance with that Order.

**USE OF PROTECTED MATERIAL**

It is Facebook's and the Parties' intention that Facebook will produce Facebook Protected Materials directly to the Class Action Administrator, with no production to any of the Parties.

Unless otherwise ordered by the Court or authorized through the prior written consent of Facebook, the Class Action Administrator may disclose Facebook Protected Materials only to those members of the Class Action Administrator's staff, or to any copying, clerical or other support services working at the direction of the Class Action Administrator, to whom disclosure is reasonably necessary in order to provide notice to and/or to verify and pay the recovery amount owed to members of the Settlement Class, provided that each such person to whom disclosure is made must first agree to be bound by the provisions of this Rider by signing a copy of Exhibit A.

Nothing in the foregoing paragraph is intended to restrict the Class Action Administrator from disclosing to a member of the Settlement Class any Facebook Protected Material that specifically relates to that individual.

<u>Certain Members of the Settlement Class</u>:  Thirty days prior to the claims deadline, and subject to Facebook's prior written consent (such consent not to be unreasonably withheld), the Class Action Administrator shall furnish to Counsel for Plaintiff the contact information for and Lifetime Spending Amount associated with each Settlement Class Member who (1) has a Lifetime Spending Amount of greater than or equal to $25,000, and (2) has not yet filed a claim.

For the avoidance of doubt, no Settlement Class Member contact information or Lifetime Spending Amounts shall be provided to counsel for Plaintiff unless counsel for Plaintiff have been appointed by the Court as Class Counsel.

Any contact information disclosed to counsel for Plaintiff pursuant to this section shall be used solely for the purpose of providing notice of the Class Action Settlement Agreement to members of the Settlement Class, and counsel for Plaintiff shall disclose Contact Information only to counsel's staff, or to any copying, clerical or other support services working at the direction of counsel for Plaintiff, to whom disclosure is reasonably necessary to provide notice to the

member. All Contact Information relating to a member of the Settlement Class shall be destroyed by counsel for Plaintiff upon confirmation that the member has received actual notice of the Class Action Settlement.

### CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

This Rider is intended to provide no mechanism to the Parties through which they can challenge the designation or protected status of Facebook Protected Materials.

### SUBPOENAS OR COURT ORDERS

If at any time Facebook Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to Facebook and to its counsel and shall provide Facebook with an opportunity to move for a protective order regarding the production of Facebook Protected Materials implicated by the subpoena.

### FILING PROTECTED MATERIAL

Absent written permission from Facebook or a court Order secured after appropriate notice to all interested persons, the Parties may not file or disclose in the public record any Facebook Protected Material.

### INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

In the event of a disclosure of any Facebook Protected Material pursuant to this Rider to any person or persons not authorized to receive such disclosure under this Rider, or in any circumstance not authorized under this Rider, the party responsible for having made such disclosure, and each party with knowledge thereof, must immediately notify counsel for Facebook (a) in writing, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Unauthorized or inadvertent disclosure does not change the status of Facebook Protected Material or waive the right to hold the disclosed document or information as Protected.

**FINAL DISPOSITION**

Not later than ninety (90) days after closure of the Final Disposition of this case, each Party and the Class Action Administrator shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of Facebook. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

All parties that have received any such Discovery Material, as well as the Class Action Administrator, shall certify in writing that all such materials have been returned to counsel for Facebook or destroyed.

**MISCELLANEOUS**

<u>Termination of Matter and Retention of Jurisdiction</u>. The Parties and Facebook agree that the terms of this Rider shall survive and remain in effect after the Final Determination of the Actions. The Court shall retain jurisdiction after Final Determination of the matter to hear and resolve any disputes arising out of this Rider.

<u>Successors</u>.  This Rider shall be binding upon Facebook and the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

<u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Washington, or the Court's own orders. Identification of any individual pursuant to this Rider does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Western District of Washington, or the Court's own orders.

\*        \*        \*

1  Respectfully submitted,

3  **Dated**: February 25, 2022          By: /s/ Brandt Silver-Korn

4                                        Rafey S. Balabanian*
                                         rbalabanian@edelson.com
5                                        Todd Logan*
                                         tlogan@edelson.com
6                                        Brandt Silver-Korn*
7                                        bsilverkorn@edelson.com
                                         EDELSON PC
8                                        150 California Street, 18th Floor
                                         San Francisco, California 94111
9                                        Tel: 415.212.9300/Fax: 415.373.9435

10
                                         By: /s/ Alexander G. Tievsky
11
12                                       Jay Edelson*
                                         jedelson@edelson.com
13                                       Alexander G. Tievsky, WSBA #57125
                                         atievsky@edelson.com
14                                       Amy B. Hausmann*
                                         abhausmann@edelson.com
15                                       EDELSON PC
                                         350 North LaSalle Street, 14th Floor
16                                       Chicago, Illinois 60654
                                         Tel: 312.589.6370/Fax: 312.589.6378
17

18
                                         By:  /s/ Cecily C. Jordan
19                                       TOUSLEY BRAIN STEPHENS PLLC
                                         Cecily C. Jordan, WSBA #50061
20                                       cjordan@tousley.com
                                         1200 Fifth Avenue, Suite 1700
21                                       Seattle, Washington 98101
22                                       Tel: 206.682.5600

23                                       *Plaintiff's Attorneys and Class Counsel*

24                                       *Admitted *pro hac vice*

25  **Dated**: February 25, 2022          By: /s/ Adrienne Liu
26
                                         GIBSON, DUNN & CRUTCHER LLP
27                                       TIMOTHY LOOSE, SBN 241037

tloose@gibsondunn.com
ADRIENNE LIU, SBN 331262
aliu@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

*Attorneys for Nonparty Meta Platforms, Inc.*

### ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated this 28th day of February, 2022.

*/s/ Robert S. Lasnik*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Meta Platforms, Inc. ("Rider") in *Reed v. Scientific Games Corp*, No. 18-cv-565-RSL, United States District Court, District of Washington, Western District. Having read and understood the terms of the Rider, I agree to be bound by the terms of the Rider and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Rider.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]