# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DONNA REED, individually and on behalf of all others similarly situated, | No. 18-cv-565-RSL |
| *Plaintiff*, | **ORDER GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARDS** |
| v. | |
| LIGHT & WONDER, INC., f/k/a SCIENTIFIC GAMES CORP., | |
| *Defendant.* | |

WHEREAS, Plaintiff has submitted authority and evidence supporting Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Issuance of Incentive Awards; and

WHEREAS, the Court, having considered the Motion and being fully advised, finds that good cause exists for entry of the Order below; therefore,

IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Issuance of Incentive Awards.

2. The Court confirms its appointment of Jay Edelson, Rafey S. Balabanian, Todd Logan, Alexander Tievsky, Brandt Silver-Korn, and Amy Hausmann of Edelson PC as Class Counsel.

**A.  Attorneys' Fees**

3. Class Counsel has requested the Court calculate their award using the percentage-of-the-fund method. Class Counsel requests the Court award 25% of the $24.5 million common fund as attorneys' fees.

4. These requested attorneys' fees, which reflect the "benchmark" fee award in common fund cases, are fair and reasonable. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047, 1052 (9th Cir. 2002). The Court reaches this conclusion after analyzing: (1) the extent to which class counsel achieved exceptional results for the class; (2) whether the case was risky for class counsel; (3) whether counsel's performance generated benefits beyond the cash settlement fund; (4) the market rate for the particular field of law; (5) the burdens class counsel experienced while litigating the case; (6) and whether the case was handled on a contingency basis. In reaching this conclusion, the Court has also taken into account the settlements reached, and fee awards requested, in the *Kater v. Churchill Downs*, *Wilson v. Playtika*, and *Wilson v. Huuuge* actions.

5. Class Counsel performed exceptional work and achieved an exceptional result for the Class. Class Members stand to recover substantial portions of their Lifetime Spending Amount on Defendant's Applications.

6. Class Counsel further achieved exceptional non-monetary benefits for the Class. Among other things, Defendant has agreed to meaningful prospective relief for the Class, including providing addiction-related resources on the Applications and creating a robust self-exclusion policy within the Applications.

7. This litigation was extremely risky for Class Counsel. Class Counsel worked entirely on contingency, prosecuted a line of several class actions against well-funded corporations, and pursued an entirely novel legal theory: that Defendant's internet-based "social casinos" violated Washington's "Return of Money Lost at Gambling" statute (RCW 4.24.070). Class Counsel also defended the Class's interests before the Washington State Gambling Commission and the Washington State Legislature.

8. The market also supports Class Counsel's fee request. Contingency arrangements in high-stakes, high-value mass litigation typically fall in the range of 30-40%. *See Jenson v. First Tr. Corp.*, No. 05-cv-3124 ABC (CTX), 2008 WL 11338161, at *13 n.15 (C.D. Cal. June 9, 2008). Further, the mean percentage award of attorneys' fees in class actions in the Ninth Circuit is 24.5% of the common fund, and the mean percentage award in this District is 26.98%. *See* Declaration of William B. Rubenstein ¶ 14.

9. The Court is not required to conduct a lodestar cross-check, *Farrell v. Bank of Am. Corp., N.A.*, 827 F. App'x 628, 630 (9th Cir. 2020), and declines to do so here. Given the unique circumstances presented by this litigation, the Court concludes that a lodestar cross-check would not be a valuable tool to help assess the reasonableness of Class Counsel's fee request. *See* Declaration William B. Rubenstein ¶¶ 18-22.

10. The Court grants Class Counsel's request for a fee award of 25% of the common fund, or $6,125,000.

### B. Costs and Expenses

11. In addition to the fee request, Class Counsel requests reimbursement of $33,688.74 in costs and expenses.

12. The Court finds these costs and expenses reasonable and appropriate. *See Dennings v. Clearwire Corp.*, No. C10-1859-JLR, 2013 WL 1858797, at *10 (W.D. Wash. May 3, 2013), *aff'd* No. 13-35491 (9th Cir. Sept. 9, 2013). The Court consequently grants Class Counsel's motion for reimbursement of $33,688.74 in costs and expenses.

### C. Incentive Awards

13. Class Counsel requests an incentive award of $10,000 for Donna Reed and an incentive award of $2,500 for Laura Perkinson.

14. The requested incentive awards are fair and reasonable. Reed invested substantial time in this case, risked reputational harm, and otherwise made significant contributions to the Class. A $10,000 incentive award is reasonable for her services. *See McClintic v. Lithia Motors, Inc.*, No. 11-cv-859-RAJ, 2011 WL 13127844, at *6 (W.D. Wash. Oct. 19, 2011). Perkinson put forward a personally revealing declaration, reviewed the terms of the settlement, and stepped forward to share her approval of the settlement with the public. A $2,500 incentive award is reasonable for her services. *See In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, No. 11-md-02295, 2017 WL 10777695, at *3 (S.D. Cal. Jan. 25, 2017) (incentive award appropriate where class representatives "were required to review documents" and "they will earn little for their efforts without [] incentive payments").

### D. Conclusion

15. Based on the foregoing findings and analysis, the Court awards Class Counsel $6,125,000 in attorneys' fees; awards Class Counsel costs and expenses in the amount of $33,688.74; awards Donna Reed an incentive award of $10,000; and awards Laura Perkinson an incentive award of $2,500.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2022.

*[signature]*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

Presented by:


By: /s/ Todd Logan

Rafey S. Balabanian*
rbalabanian@edelson.com
Todd Logan*
tlogan@edelson.com
Brandt Silver-Korn*
bsilverkorn@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300 / Fax: 415.373.9435

By: /s/ Alexander G. Tievsky

Jay Edelson*
jedelson@edelson.com
Alexander G. Tievsky, WSBA #57125
atievsky@edelson.com
Amy B. Hausmann*
abhausmann@edelson.com
EDELSON PC
350 N LaSalle Street, 14th Floor
Chicago, IL 60654
Tel: 312.589.6370 / Fax: 312.589.6378

By: /s/ Cecily C. Jordan

Cecily C. Jordan, WSBA #50061
cjordan@tousley.com
TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Tel: 206.682.5600

*Plaintiff's Attorneys and Class Counsel*
*Admitted *pro hac vice*